IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mauricio E. Weber,             )<br>                                )<br>          Plaintiff,            )<br>                                )<br>v.                              )<br>                                )<br>Arlette Jones; Bobby Ham; Garry L. Bryant; )<br>Dorothy Hankins; Darren Collins; sued in   )<br>their official capacities,      )<br>                                )<br>          Defendants.           )<br>_____ ) | C/A No. 8:13-1040-GRA-JDA<br><br><br><br>REPORT AND RECOMMENDATION |

Mauricio E. Weber ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he is a pretrial detainee at the Anderson County Detention Center ("ACDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

Background

Plaintiff alleges Arlette Jones, Bobby Ham, Garry L. Bryant, Dorothy Hankins, and Darren Collins ("Defendants") are employed at the Anderson County Sheriff's Office in the ACDC where he is a pretrial detainee. Compl. 2–5. He alleges that Defendants have conspired to deny his constitutional right of access to the courts by submitting false affidavits to this court. Compl. 3, 18. Specifically, Plaintiff complains about Defendants' conduct in another civil action he filed in this court, *Weber v. Jones*, C/A No. 8:12-2922-GRA-JDA ("*Weber I*"). Compl. 6–18. In *Weber I*, Plaintiff sues the same five individuals as he names in this action, and he alleges a variety of problems related to his prison conditions at ACDC. *Weber I* is currently pending before this court, and, as of the date this Report and Recommendation is entered, there is a pending Motion for Summary Judgment

filed by Defendants.[1]  In the instant case, Plaintiff alleges Defendants filed affidavits in *Weber I* on December 19, 2012, and April 8, 2013, which set forth false statements, and he alleges he can prove the statements are false.  Compl. 6–18.  He seems to allege he has some proof of the alleged perjury but that he needs to correspond with certain inmates incarcerated at the South Carolina Department of Corrections ("SCDC") in order to produce additional proof of the alleged perjury.  Compl. 19.  He alleges Defendants, therefore, committed the crime of perjury.  Compl. 17–20.

Based on this alleged misconduct in *Weber I*, Plaintiff alleges the Defendants violated his constitutional rights.  For his relief, Plaintiff seems to request this court to award him damages sought in *Weber I*.  Compl. 20.  Further, he seeks an injunction that he be permitted to correspond with two SCDC inmates to gather his additional proof that Defendants committed perjury, and he requests that arrest warrants be issued against Defendants for the crime of perjury and for the United States Marshal to execute the arrest warrants.  Compl. 19–20.

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the

---

[1] It is appropriate for this district court to take judicial notice of Plaintiff's prior cases.  *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

This action fails to state a claim on which relief may be granted because the underlying crux of the Complaint and the relief that Plaintiff seeks in this alleged § 1983 action for violation of his constitutional rights is a criminal prosecution of Defendants, and this requested relief has no basis in law. Plaintiff cannot have this court prosecute criminal charges against Defendants as "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).

Additionally, if Plaintiff seeks to demonstrate that Defendants filed false affidavits in Weber I, he should raise his allegations in Weber I.[2] Filing a new civil action about certain parties' alleged misconduct in a pending civil action before this court is a waste of this court's judicial resources. See Aloe Creme Lab., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (noting the district court had the right to take notice of its own files and records and it had no duty to grind the same corn a second time; once was sufficient).

---

[2] In fact, Plaintiff did raise his concerns about Defendants' filing false affidavits in Weber I in his Motion to Compel, ECF No. 44, and the undersigned ruled on said motion by denying it, ECF No. 52.

Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

*Jacquelyn D. Austin*

May 3, 2013
Greenville, South Carolina

Jacquelyn D. Austin
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).