UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/ GREENWOOD DIVISION

| | | |
|---|---|---|
| Mauricio E. Weber, | ) | |
| | ) | C/A No.: 8:13-cv-01040-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Arlette Jones; Bobby Ham; Garry L. Bryant; Darren Collins; and Dorothy Hankins; *sued in their official capacities*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Mauricio E. Weber ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that he is a pretrial detainee at the Anderson County Detention Center, and he is proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915. In the Complaint, Plaintiff contends that Defendants conspired to deny him access to the courts by submitting false affidavits to this Court. Plaintiff requests that he be given the contact information of two South Carolina Department of Corrections inmates, that the Court order arrest warrants for Defendants, that judgment be entered against Defendants in a previously-filed lawsuit, and that Defendants be ordered to pay the costs of litigation in this case and in the previously-filed action. In accordance with established local procedure in this judicial district, this case was referred to United States Magistrate Judge Jacquelyn D. Austin for all pretrial proceedings. Magistrate Judge Austin recommends that Plaintiff's Complaint be

dismissed without prejudice. Report and Recommendation 5, ECF No. 12. After reviewing the record, the relevant law, and the Report and Recommendation (the "Report"), the Court agrees with and adopts the Report in its entirety.

### Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**Discussion**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, "[t]he timely filing of specific objections to the magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance." *Cooper v. Dep't Veterans Affairs*, 349 F. App'x 850 (4th Cir. 2009) (unpublished) (citing *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985)).

Plaintiff filed untimely objections to the Report; however, he does not object to any specific portion of the Report, nor does he claim that the magistrate made a legal or factual error.[1] Rather, he restates his allegation that

---

[1] A *pro se* prisoner's motion is deemed filed when it is delivered to the prison mailroom to be forwarded to the district court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Plaintiff's objections to the Report were due by May 20, 2013, and the objections were not docketed until

Defendants submitted false affidavits.  As correctly set forth by the Magistrate Judge in the Report, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Therefore, Plaintiff has failed to state a claim upon which relief may be granted and the case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, Plaintiff raised his concerns about the December 19, 2012 affidavits in his objection to Magistrate Judge Austin's Report and Recommendation in *Weber v. Jones et al.*, C/A No.: 8:12-cv-02922-GRA-JDA (D.S.C.) ("*Weber I*").[2]  In that case, which is currently pending before this Court, Plaintiff alleges that Defendants have violated his constitutional rights in various ways.  On December 19, 2012, Defendants moved to dismiss *Weber I* for improper service of process, and in the alternative, requested an extension of time to file their answer to Plaintiff's Complaint.  ECF No. 17 (*Weber I*).  In support of their request, Defendants submitted affidavits attesting that the officer whom attempted to accept service on behalf of Defendants was not authorized to do so. ECF Nos. 17-2, 17-3, 17-4, 17-5, & 17-6 (*Weber I*). On January 3, 2013, the Magistrate Judge issued a Report and Recommendation

---

May 24, 2013.  The envelope does not bear a visible prison mailroom stamp and the postmark date is not discernible.  More significantly, Plaintiff dated his objection May 22, 2013; thus, it is untimely.

[2] This Court may take judicial notice of "its own files and records." *Aloe Creme Labs, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (per curiam); *see also Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (internal quotation marks and brackets omitted) ("We note that the most frequent use of judicial notice . . . is in noticing the content of court records.'").

and recommended that this Court grant Defendants' Motion to Enlarge Time and deny Defendants' Motion to Dismiss. ECF No. 20 (*Weber I*). Plaintiff filed an Objection to the Report and Recommendation and raised his concerns that the Defendants had lied in their affidavits:

> Plaintiff objects to the Report and Recommendation because as the declaration demonstrates Defendants submitted affidavits in bad faith in order to get Plaintiff's case dismissed/ enlargement of time. . . . [T]he Defendants purposely delayed retaining counsel and filing a response to the Complaint. . . . It was the December 2012 conversation that Plaintiff had with a detainee while in the shower room that prompted the Defendants to submit fraudulent affidavits alleging "improper service . . . . "

Pl.'s Objection to Report and Recommendation 5–6, ECF No. 29 (*Weber I*). After considering Plaintiff's objections, this Court granted Defendants' Motion to Enlarge Time and denied Defendants' Motion to Dismiss. ECF No. 35 (*Weber I*). Plaintiff brought up the matter again in a Motion to Compel, and the Magistrate Judge denied Plaintiff's Motion. Pl.'s Mem. Supp. Mot. to Compel 2–3, ECF No. 44-2; ECF No. 52 (*Weber I*). Plaintiff has also raised the issue in his Response in Opposition to Defendants' Motion for Summary Judgment and in declarations that he filed in support thereof. Pl.'s Resp. in Opp'n to Defs.' Mot. Summ. J. 39–43, ECF No. 54; Decls., ECF Nos. 54-1, 54-2, 54-3, 54-4, & 54-5 (*Weber I*). The Court agrees with the Magistrate Judge that *Weber I* is the proper action in which Plaintiff's concerns about the affidavits should be raised and that the Court "has no duty to grind the same corn a second time. Once was sufficient."

*Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (per curiam).

Finally, in his Objection, Plaintiff requests that he be granted leave to amend his Complaint in order to "supplement and incorporate the claims state[d] herein with *Weber I*." Pl.'s Objection to Report & Recommendation 2, ECF No. 14. Under Federal Rule of Civil Procedure Rule 15(a)(2), a "court should freely give leave" to amend a pleading "when justice so requires." "'[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509) (4th Cir. 1986)). A motion to amend may be denied on the ground of futility when the amendment is "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 450 (D.S.C. 2008) ("While this court allows plaintiffs, particularly *pro se* plaintiffs, to freely amend their pleadings so that substantive justice is not sacrificed on the altar of hollow procedure, it would be pointless and wasteful to do so where a plaintiff has not alleged any facts which would give rise to a claim under the law."). In this case, it would be futile to allow Plaintiff to amend his Complaint, because, as stated above, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S.*

*v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, Plaintiff's motion to amend the Complaint is DENIED.

## Conclusion

After a review of the record, this Court finds that the magistrate accurately summarizes this case and the applicable law. Accordingly, the Report is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that the case is DISMISSED without prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July 2, 2013
Anderson, South Carolina